Norma PRESSLEY, Linda Carroll, Beverly Head, Michael Pressley, Leroy Pressley, Jr., and Tyrone Pressley, Plaintiffs,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a New York Insurance Corporation, Defendant and Third–Party Plaintiff,

v.

Dorothy L. PRESSLEY, Third–Party Defendant.

Civ. A. No. 88–CV–40443–FL.

United States District Court, E.D. Michigan, S.D., at Flint.

Jan. 12, 1990.

Rubenstein Chittle & Smith by Gilbert Y. Rubenstein, Flint, Mich., for defendant and third-party plaintiff Metropolitan Life Ins. Co.

Charles W. White, Flint, Mich., for plaintiffs.

Richard J. Ruhala, Flint, Mich., for third-party defendant Dorothy L. Pressley.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is Metropolitan Life Insurance Company's Motion For Summary Judgment and Dorothy Pressley's Motion For Summary Judgment. For the reasons which follow and those stated in the movants' briefs, both motions are GRANTED.

This is an action brought by the five adult children and ex-wife of decedent Leroy Pressley ("decedent") for the life insurance benefit provided under the GM Employee Welfare Benefit Plan in which decedent was a participant. Decedent's ex-wife, Norma Pressley ("Norma"), and the children claim that they are entitled to the benefit based upon the alleged existence of a constructive trust. This action is governed by the terms of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* (1982) ("ERISA").

Decedent was a General Motors employee covered by the GM Employee Welfare Benefit Plan. He died on July 17, 1988. The proceeds of the life benefit under the GM plan, $29,500 plus interest of $480.07, are in dispute. Decedent is survived by his widow Dorothy Pressley ("Dorothy"), and his five adult children from a prior marriage to Norma Pressley ("Norma"), Linda Carroll, Beverly Head, Michael Pressley, Leroy Pressley, Jr. and Tyrone Pressley ("the children").

The GM plan permits participants to designate a beneficiary but designations must be made in writing on a form provided by GM or Metropolitan Insurance Co. ("Metropolitan"), the claims administrator. (Docket Entry 38, Exhibits A, B) Decedent designated Norma as his beneficiary on October 5, 1959. In 1968, decedent and Norma were divorced. The divorce judgment provided that decedent was to "irrevocably designate the minor children as beneficiary of the life insurance policy provided through his employment with General Motors Corporation on his life, so long as his obligation to support continues." (Docket Entry 1, Complaint para. 5) The divorce judgment terminated Norma's right to the proceeds and the children's rights upon reaching the age of majority. Decedent failed to designate a beneficiary after the entry of the divorce judgment.

Norma, Dorothy and each of the children filed claims to the proceeds of the life insurance. Metropolitan examined the claims and distributed the proceeds under the plan's facility of payment clause, which reads in relevant part:

If, at the death of the Employe, there be no designated Beneficiary as to all or any part of the Basic Life Insurance payable, then the amount of Basic Life Insurance payable for which there is no designated Beneficiary shall be payable to the estate of the Employe, provided however, that the Insurance Company may, in such case, at its option, pay such amount to

any one of the following surviving relatives of the Employe: wife, husband, mother, father, child or children; and payment to any one or more of such surviving relatives shall completely discharge the Insurance Company's liability with respect to the amount of insurance so paid.

(Docket Entry 38, Exhibit B, Part V, § B at 5).

The issue before this Court is whether ERISA preempts plaintiffs' claim that they are entitled to the proceeds based on the existence of a constructive trust which establishes Norma as the constructive trustee. No proof or evidence of a constructive trust has been submitted. Plaintiffs' claim to an equitable right to the life insurance proceeds is in contravention of provisions in the GM plan. ERISA requires that plans must be in writing and include provisions for amending the plan. 29 U.S.C. § 1102(a)(1), (b)(3). If plaintiffs were to succeed on their claim it would modify the plan and undermine the ERISA statutory scheme. See, *Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2d Cir.1988) ("Congress intended that plan documents and the SPDs (summary plan descriptions) exclusively govern an employer's obligations under ERISA plans"). Therefore, plaintiffs' state law claim based upon an alleged constructive trust is preempted by ERISA.

Summary Judgment is granted as no genuine issue as to any material fact is present. Fed.R.Civ.P. 56. Plaintiffs have not come forward with an issue of material fact to contest Metropolitan's decision to distribute the proceeds under the facility of payment provision to Dorothy Pressley. "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Pursuant to the terms of the insurance policy Metropolitan had the right to pay the life insurance proceeds to Dorothy Pressley. Metropolitan acted within its discretionary authority to distribute the funds under the facility of payment clause.[1] Its decision is not an abuse of discretion. See, *Firestone Tire & Rubber Co., v. Bruch*, —— U.S. ——, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989); *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689 (6th Cir.1989) (Courts are to apply an abuse of discretion or arbitrary and capricious standard to claims decisions made by ERISA fiduciaries when the fiduciary has discretionary authority to determine eligibility for benefits.) Dorothy Pressley's and Metropolitan's motions for summary judgment are GRANTED. As to the request for reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g), if prevailing parties still seek them, the basis therefor shall be submitted within 10 days of the date of this order.

SO ORDERED.

---

1. Metropolitan has discretionary authority to administer claims presented under the GM plan. The Supplemental Agreement states that the "Corporation shall have the responsibility for administration of the Program." (D.E. 38, Exhibit A, para. 4(a)) The Group Policy Certificate provides that if there is no beneficiary designated at the death of a plan participant, Metropolitan may distribute the life insurance proceeds "... at its option pay such amount to any one of the following surviving relatives ...: wife, husband, mother, father, child or children; and payment to any one or more of the surviving relatives shall completely discharge the Insurance Company's liability with respect to the amount of insurance so paid." (D.E. 38, Exhibit B, Part V, § B at 5; Exhibit A, Article II, § 4(d) at 18).